

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2004

# In Re: G-I Holdings

Precedential or Non-Precedential: Precedential

Docket No. 03-3188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: G-I Holdings " (2004). *2004 Decisions.* Paper 267.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/267

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

_____

03-3188
_____

IN RE: G-I HOLDINGS, INC.
f/k/a/ GAF CORPORATION,


Debtor

THE OFFICIAL COMMITTEE
OF ASBESTOS CLAIMANTS,


Appellant

v.

G-I HOLDINGS, INC.
f/k/a GAF CORPORATION;
ASBESTOS DEMAND HOLDERS;
UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES
DEPARTMENT OF TRUSTEE;
BANK OF NEW YORK
_____

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT
FOR THE DISTRICT OF NEW
JERSEY
_____

(D.C. Civ. No. 03-cv-00842)
District Judge: The Honorable William
G. Bassler

Argued: June 15, 2004

Before: ALITO, SMITH, and BECKER
Circuit Judges

(Filed: September 24, 2004)

Elihu Inselbuch (Argued)
Caplin & Drysdale, Chtd.
399 Park Avenue, 27th Floor
New York, NY   10022

Peter Van N. Lockwood
Trevor W. Swett
Albert G. Lauber
Caplin & Drysdale, Chtd.
One Thomas Circle, N.W.
Washington, D.C.   20005

Counsel for Appellant

Martin J. Bienenstock (Argued)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY   10153

Dennis J. O'Grady
Riker, Danzig, Scherer, Hyland
 & Perretti LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ   07962

Counsel for Appellee
_____

OPINION
_____

ALITO, Circuit Judge:

This is an appeal by the Official
Committee of Asbestos Claimants ("the
Committee") from a District Court order

that affirmed a Bankruptcy Court order denying the Committee's motion for the appointment of a chapter 11 trustee. The Committee contends that the District Court and the Bankruptcy Court misapplied our decision in In re Marvel Entertainment Group Inc., 140 F.3d 463 (3d Cir. 1998) ("Marvel"). The Committee does not dispute the proposition that, under our cases, the party seeking the appointment of a trustee generally bears the burden of persuasion by clear and convincing evidence, but the Committee contends that what Marvel described as the strong presumption in favor of a debtor's current management is inapplicable under the facts of this case and that the Committee's burden of persuasion was therefore reduced to proof by a preponderance of the evidence. Accordingly, the Committee argues, the Bankruptcy Court and the District Court erred in applying the clear and convincing standard, and the Committee asks us to reverse and remand with instructions to reconsider the evidence under the preponderance standard. Because we see no support for the proposition that the burden of persuasion in a case of this nature is ever reduced from clear and convincing evidence to a preponderance of the evidence, we reject the Committee's argument and affirm the decision of the District Court.

## I.

In January 2001, G-I Holdings, Inc. ("G-I") filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. G-I now operates as debtor-in-possession under 11 U.S.C. §§ 1107(a) and 1108. G-I, a holding company that is beneficially owned by Samuel Heyman, succeeded to the liabilities of GAF Corporation and the Ruberoid Company. Beginning in the 1970s, GAF, Ruberoid, and other former producers of asbestos products faced mass tort litigation throughout the United States regarding asbestos-related injuries. Before filing for chapter 11 reorganization, G-I had inherited responsibility for some 150,000 pending asbestos suits. In January 2001, pursuant to 11 U.S.C. § 1102(a), the United States Trustee appointed the Committee to represent persons asserting asbestos tort claims against G-I. In November 2002, the Committee filed a motion for the appointment of a chapter 11 trustee. The parties produced and the Bankruptcy Judge reviewed more than 250 exhibits relating to the motion, and the Bankruptcy Judge then held a hearing. In support of its motion, the Committee advanced two arguments, only one of which is now relevant.[1] The argument

---

[1]The first argument – that the appointment of a trustee was necessary because a panel decision of our Court, see In re Cybergenics Corp., 304 F.3d 316, 332 (3d Cir. 2002) ("Cybergenics II"), rehearing en banc granted and opinion vacated by Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery, 310 F.3d 785 (3d Cir. 2002), precluded the Committee from suing to recover property on behalf of a bankruptcy

implicated in this appeal was that excessive conflict between G-I and the asbestos claimants warranted appointment of a trustee under both 11 U.S.C. § 1104(a)(1), which authorizes the appointment of a trustee "for cause," and 11 U.S.C. § 1104(a)(2), which authorizes the appointment of an outside trustee when the appointment is "in the interests of creditors." In simple terms, it is the Committee's position that G-I's current management is subordinating the interests of asbestos claimants to those of Heyman and favored creditors. Among other things, the Committee complains that current management refused to bring fraudulent conveyance actions against Heyman and others, joined with a subsidiary in litigation designed to shield the former assets of GAF's building and roofing products business from asbestos claimants, and lavishly funded a lawsuit charging three law firms that represent asbestos claimants with racketeering, fraud, and other torts. G-I, in turn, insists that Heyman revived a troubled business and that current management is simply attempting to defend itself against largely spurious asbestos claims.

After the hearing, the Bankruptcy Court denied the Committee's motion. The Court noted that the party seeking appointment of a trustee must prove the need for the appointment by clear and convincing evidence and that there is a

estate – is not implicated in this appeal.

strong presumption" against appointing a trustee. JA30. The Court recognized that the appointment of a trustee may be called for when there is extreme acrimony between a debtor in possession and creditors, but the Court found it "appropriate to apply the usual presumption" in this case both because "management of G-I ha[d] been in place for years and [was] familiar with the company's operations" and because there was insufficient evidence to show that appointment of a trustee would be helpful. JA30. "[T]he evidence presented by the Committee," the Bankruptcy Court concluded, did not meet the clear and convincing standard. Id. at 31. While acknowledging that there was some "strident disagreement and litigation on critical aspects of this case," the Court noted that the debtor in possession had "shown at least a degree of willingness to cooperate with the Committee" by obtaining tolling agreements from Heyman and other targets of avoidance actions. Id. at 32. Apparently referring to G-I's lawsuit against the law firms and the Committee's fraudulent conveyance action against Heyman, both of which were pending in the Southern District of New York, the Bankruptcy Court also pointed out that critical disputed issues, such as the legitimacy of corporate restructurings and the litigation against the plaintiffs' asbestos firm, "would be tested and ultimately resolved in other proceedings." Id. at 33. The Committee then took an appeal to the District Court. The Committee argued that "the usual presumption in favor of current

management" is inapplicable in this case for three reasons: "(1) G-I is a holding company – a mere shell that operates no 'business' at all – and hence its existing managers' familiarity with the business is irrelevant to the decision of whether or not to appoint a trustee . . .; (2) because a trustee would simply need to manage asbestos claims, the trustee would not need to incur the usual substantial costs associated with learning how to manage an active service company . . .; and (3) G-I has shown no presumptive ability to discharge its fiduciary duties to creditors given its actions and the 'structural problem' of Heyman's control as the dominant shareholder." Dist Ct. Op. at 13, JA18. Because the usual presumption was inapplicable, the Committee argued, the Bankruptcy Judge's "'reliance upon that presumption as the basis for [her] ruling was an abuse of discretion per se . . .,'" and "the Committee only had to show that a trustee was 'warranted by a preponderance of the evidence,' rather than by clear and convincing evidence." Dist. Ct. Op. at 12, JA17 (quoting Committee's Dist. Ct. Reply Br. at 5, 21).

The District Court affirmed the order of the Bankruptcy Court and issued a detailed opinion explaining the basis for its decision. The District Court held that the Bankruptcy Judge "did not abuse her discretion in finding that the Committee had failed to produce clear and convincing evidence of the need for a trustee under either subsection of 1104(a)" and that "[t]he Committee ha[d] not proved the need for a trustee by the same type of clear and convincing evidence presented in cases in which bankruptcy trustees had been appointed. Dist Ct. Op. at 18, JA 23. The District Court wrote:

> [The Bankruptcy Judge] clearly is not convinced that Heyman is fraudulently attempting to avoid asbestos liability or that his control of G-1 renders G-1 unfit to serve as fiduciary for the estate. She correctly notes that the parties will have the opportunity to test and ultimately resolve such allegations in the other proceedings.

Dist. Ct. Op. at 17, JA 22. The District Court also observed that "neither Marvel nor any other case cited by the parties suggests that if a court deems the presumption in favor of current management inapplicable, the movant need no longer present clear and convincing evidence that a trustee is necessary."

Dist. Ct. Op. at 15, JA 20. In the present appeal, the Committee could have argued that the evidence before the Bankruptcy Court proved by clear and convincing evidence that the standard for the appointment of a trustee was met and that the Bankruptcy Court erred in finding otherwise. But the Committee has elected not to advance this factual argument. Instead, the Committee argues that the Bankruptcy Court and the District Court

4

committed two errors of law. First, the Committee contends that "the ususal presumption in favor of existing management" should not have been applied in this case because G-I's "managers have no significant experience operating the debtor's business . . . and cannot be relied upon to discharge faithfully their fiduciary obligations to the estate and its creditors." Appellant's Br. at 20. Second, the Committee maintains that, with the presumption in favor of current management out of the way, "[t]he standard of proof to which the committee should have been held was the normal 'preponderance of the evidence' standard." Id. at 20.

## II.

Section 1104(a) of the Bankruptcy Code, 11 U.S.C. § 1104(a), authorizes the appointment of a trustee in a chapter 11 case in two circumstances. Section 1104(a) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-
>
> (1) *for cause*, including fraud, dishonesty, incompetence, or gross mismanagement of the

affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

> (2) if such appointment is *in the interests of creditors, any equity security holders, and other interests of the estate*, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a) (emphasis added).

"The party moving for appointment of a trustee . . . must prove the need for a trustee under either subsection by clear and convincing evidence." Marvel, 140 F.3d at 473. See also In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3d Cir. 1989). If a court finds that the moving party has discharged this burden, it "shall" appoint a trustee, 11 U.S.C. § 1104(a), but determining whether the moving party has satisfied its burden under either subsection is committed to the court's discretion. Marvel, 140 F.3d at 471; Sharon Steel, 871 F.2d at 1225-26.

The Committee's argument in this appeal is based on our reference in Marvel

5

to "the strong presumption against appointing an outside trustee." 140 F.3d at 471. As noted, the Committee's position is that, once this presumption is out of the way, a party seeking the appointment of a trustee is no longer required to prove its case by clear and convincing evidence, but is merely required to satisfy the preponderance of the evidence standard. We see no basis for this argument.

There are two plausible interpretations of our reference in <u>Marvel</u> to "the strong presumption against appointing an outside trustee." The first is that we employed the term "presumption" in the technical sense expressed in Rule 301 of the Federal Rules of Evidence. The second is that we simply used that term as another way of referring to the heavy burden of persuasion, i.e., by clear and convincing evidence, that the party seeking the appointment of an outside trustee must face. Although we now hold that the second interpretation is the correct one, the choice between the two interpretations has no bearing on the outcome of this appeal because neither interpretation supports the Committee's position.

A.

As noted, the first interpretation would read <u>Marvel</u> as using the term "presumption" in a technical sense. Rule 301 of the Federal Rules of Evidence, which applies in bankruptcy proceedings, <u>see</u> Bankruptcy Rule 9017, governs presumptions in civil cases not otherwise provided for by an Act of Congress or another provision of the Evidence Rules. Under Rule 301, "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally set." If the party against whom the presumption is directed offers sufficient evidence "to rebut or meet the presumption," that party discharges its burden of production, but the burden of persuasion remains where it was at the start. <u>See</u>, <u>e.g</u>., 1 CHRISTOPHER B. MUELLER AND LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 66 at 322 (2d ed. 1994).

In the present case, as noted, the Committee contends that "the strong presumption" against the appointment of a trustee is inapplicable because it is unwarranted by the facts. The Committee's argument might be interpreted to mean either (a) that the presumption never properly came into play because the debtor bore the burden of establishing the basic facts that must be shown to give rise to the presumption and failed to establish those basic facts or (b) that the presumption dropped out of the case because the Committee adequately rebutted or met it. In neither event, however, would the allocation or the nature of the burden of persuasion be altered.

Under <u>Sharon Steel</u>, 871 F.2d at 1226, and <u>Marvel</u>, 140 F.3d at 471, the

party moving for the appointment of a trustee begins with the burden of persuasion by clear and convincing evidence. If the debtor in possession were required to prove certain basic facts in order to invoke the "presumption" at issue, the debtor's failure to do so would have no effect on the burden of persuasion, which would "remain[] throughout the trial upon the party on whom it was originally set." Fed. R. Evid 301. Similarly, if the presumption arose but was sufficiently rebutted by the Committee, the only effect would be to relieve the Committee of its burden of production. Fed. R. Evid 301. It would then be up to the Bankruptcy Court to weigh all the evidence and determine whether the Committee had proved its case by clear and convincing evidence. This is precisely what the Bankruptcy Court did.

## B.

The other – and, we now hold, correct – reading of <u>Marvel</u> is that our reference to the heavy "presumption" against the appointment of an outside trustee was simply another way of referring to the heavy the burden of persuasion (by clear and convincing evidence) that the party moving for the appointment of a trustee must bear. In <u>Marvel</u>, we wrote:

> The party moving for appointment of a trustee . . . must prove the need for a trustee . . . **by clear and convincing evidence**." *See*

*Sharon Steel*, 871 F.2d at 1226. "It is settled that appointment of a trustee should be the exception, rather than the rule." *Id*. at 1225. In the usual chapter 11 proceeding, the debtor remains in possession throughout reorganization because "current management is generally best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate." *In re V. Savino Oil & Heating Co.,* 99 B.R. 518, 524 (Bankr. E.D.N.Y. 1989). Thus the basis for **the strong presumption against appointing an outside trustee** is that there is often no need for one: "The debtor-in-possession is a fiduciary of the creditors and, as a result, has an obligation to refrain from acting in a manner which could damage the estate, or hinder a successful reorganization." party to conduct operations during the reorganization. *Petit v. New England Mort. Servs.*, 182 B.R. 64, 69 (D.Me. 1995). **The strong presumption** also finds its basis in the debtor-in-possession's usual familiarity with the business

7

it had already bee managing at the time of the bankruptcy filing, often making it the best party to conduct operations during the reorganization. *See Sharon Steel*, 871 F.2d at 1226.

140 F.3d at 471 (emphasis added) (citation omitted).

When the references to a "presumption" are read in the context of this entire passage, it seems clear that we used the term as a synonym for the clear and convincing burden of persuasion. After expressly mentioning the burden of persuasion in the first sentence of this passage, we began in the fourth sentence to refer to the presumption without suggesting that we had moved on to a discussion of a new concept. In the next-to-last sentence of the passage, we discussed "the basis for the strong presumption" and cited a page of a bankruptcy court opinion that refers to the clear and convincing evidence burden of persuasion. See Petit, 182 B.R. at 69.[2]

Furthermore, in the final sentence of the passage, we cited Sharon Steel, 871 F.2d at 1226, as support for the proposition that "the strong presumption also finds its basis in the debtor-in-possession's usual familiarity with the business it had already

In the preceding sentence at 182 B.R. at 68, the Petit court wrote:

The **presumption** in chapter 11 cases is that "current management is generally best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate." In re V. Savino Oil & Heating Co., 99 B.R. 518, 524 ( Bankr. E.D.N.Y. 1989).

(emphasis added).

It is thus apparent that the Petit court used the term "presumption" as another way of referring to the burden of persuasion. This interpretation is reinforced by the fact that the sentence in In re V. Savino Oil & Heating Co., 99 B.R. at 524, that the Petit court partially quoted used the term "assumption," not "presumption." This shows that the Petit court did not use the term "presumption" in its technical sense.

---

[2]On the cited page, Petit states:

The party seeking the trustee's appointment has the burden of establishing the need for such action and, although the Court of Appeals for the First Circuit has never held so directly, many courts require a showing of **clear and convincing evidence** supporting the motion prior to taking such action. See, e.g., In re Sharon Steel, 871 f.2d 1217, 1226 (3d Cir. 1989) . . . .

Petit, 182 B.R. at 69 (emphasis added).

been managing at the time of the bankruptcy filing." Marvel, 140 F.3d at 471. Sharon Steel, however, while referring to the clear and convincing burden of persuasion, makes no reference to the concept of a presumption. For all these reasons, we interpret Marvel's use of the term presumption as simply referring to the burden of persuasion, and not to the concept of a presumption in the sense in which the term is used in the law of evidence.

When Marvel is read in this way, we see no basis for arguing that it was improper to apply the clear and convincing standard in this case. In Sharon Steel, 871 F.2d at 1226, we stated without qualification that "[t]he party moving for the appointment of a trustee . . . must prove the need for a trustee . . . by clear and convincing evidence," and in Marvel, 140 F.3d at 471, we quoted and applied this rule. Our further statement in Marvel, 140 F.3d at 471, that "[t]he facts . . . militate[d] against invoking [the] presumption," meant that the facts satisfied the clear and convincing burden. In order for the Committee to prevail in the present case, it too was obligated to overcome that burden, but the Committee, as noted, does not argue in this appeal that the Bankruptcy Court abused its discretion in finding that the burden was not met.

What the Committee now seeks is a modification of the rule that we adopted in Sharon Steel. The Committee in effect asks us to hold that the party moving for the appointment of a trustee is only *sometimes* required to prove its case by clear and convincing evidence. According to the Committee, if the debtor in possession lacks special expertise in running the business and the appointment of a trustee would not impose large costs, the party seeking the appointment of a trustee need only prove its case by the preponderance of the evidence. This argument is not only inconsistent with our prior cases, but it advocates an awkward and unorthodox procedure. Whether a debtor in possession possesses special expertise and whether the appointment of a trustee would be costly will often be contested, as they are here. In the Committee's view, a bankruptcy court would first be required to make findings on those questions; then, depending on those findings, it would identify the applicable burden of persuasion; and finally, it would determine whether the applicable burden had been met. This cumbersome and strange procedure has little to recommend it.

As Sharon Steel stated, the party asking for the appointment of a trustee bears the burden of persuasion by clear and convincing evidence. This burden does not shrink or shift. Whether the debtor in possession has special expertise and whether the appointment of a trustee would entail substantial costs are relevant factors to be considered in determining whether this burden has been met in a particular case.

9

### III.

As we have noted, the Committee could have argued that the evidence that it offered in the proceeding before the Bankruptcy Court was so strong that the Bankruptcy Court had no choice but to find that the Committee had proven that the conditions for the appointment of a trustee were present. This argument, however, would have faced two formidable obstacles: the abuse of discretion standard of appellate review and the clear and convincing burden of persuasion. The Committee chose not to attempt to surmount those obstacles, and thus this factual argument is not before us.

We add, however, that if the argument were before us, we would hold that the Bankruptcy Court did not abuse its discretion in finding that the conditions for the appointment of a trustee were not established by clear and convincing evidence. There is unquestionably considerable acrimony between the debtor and the asbestos claimants, but as the Bankruptcy Court noted, some of the most contentious disputes will presumably be addressed in other pending litigation, and it was the Bankruptcy Court's judgment that the debtor in possession would be able to discharge its fiduciary obligations with regard to other matters. We cannot say that the Bankruptcy Court abused the broad discretion that it possesses in determining whether the conditions specified in 11 U.S.C. § 1104(a) have been adequately shown.

For the reasons set out above, the order of the District Court is affirmed.

_____